OPINION
Defendant-appellant Collin Montgomery appeals the June 7, 2000, and August 2, 2000 Judgment Entries of the Holmes County Court, granting plaintiff-appellee Michael R. Hernan restitution of the premises located at 2169 Old Main, Winesburg, Ohio, and awarding appellee damages in the amount of $825.00.
 STATEMENT OF THE FACTS AND CASE
On May 12, 2000, appellee filed a Complaint in Forcible Entry and Detainer and for Rent in the Holmes County Court, seeking restitution of the aforementioned premises and damages against appellant. The trial court conducted a hearing on appellee's claim for restitution on June 7, 2000. The trial court granted appellee restitution of the property via Judgment Entry filed the same day. The trial court conducted a damages hearing on August 2, 2000. Via Judgment Entry filed the same day, the trial court rendered judgment in favor of appellee in the amount of $825. It is from these judgment entries appellant prosecutes this appeal.
Appellant has filed a pro se brief in the Court. We begin by noting appellant has failed to comply with App.R. 16 and Local Rule 9.
App.R. 16(A) requires an appellant to include the following in his brief:
(1) A table of contents, with page references.
 (2) A table of cases alphabetically arranged, statutes, and other authorities cited, with references to the pages of the brief where cited.
 (3) A statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected.
 (4) A statement of the issues presented for review, with references to the assignments of error to which each issue relates.
 (5) A statement of the case briefly describing the nature of the case, the course of proceedings, and the disposition in the court below.
 (6) A statement of facts relevant to the assignments of error presented fro review, with appropriate references to the record in accordance with division (D) of this rule.
 (7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.
 (8) A conclusion briefly stating the precise relief sought.
App.R. 16(E) requires a party to reproduce any provisions of constitutions, statutes, ordinances, rules, or regulations necessary for the determination of the assignments of error presented. Local R. 9(A)(1) requires an appellant to submit a copy of the judgment entry from which the appeal is taken. Appellant's brief does not satisfy any of the aforementioned requirements; therefore, is noncompliant.
Because appellant's brief fails to comply with the rules, such deficiencies are tantamount to the failure to file a brief. See, Statev. Balderson (Sept. 27, 1999), Stark App. No. 1999CA00110, unreported;State v. Mattingly (Nov. 25, 1998), Ashland App. No. 98COA01245, unreported. Although this Court has the authority under App.R. 18(C) to dismiss the appeal for failure to file a brief, we, nonetheless, in the interest of justice, will not dispose of appellant's appeal based upon the deficiencies of his brief.
As best we can determine, appellant appears to argue the trial court's decisions are against the manifest weight of the evidence. Appellant failed to file a transcript of either the June 7, 2000 or August 2, 2000, hearings in this appeal as required by App.R. 9(B).[1]
When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm. Knapp v. Edwards Lab. (1980), 61 Ohio St.2d 197, 400 N.E.2d 384. Because appellant has failed to provide this Court with those portions of the transcript necessary for resolution of the assigned errors, i.e., the transcripts of the June 7, 2000, and August 2, 2000 hearings, we must presume the regularity of the proceedings below and affirm, pursuant to the directive set forth above in Knapp, supra.[2]
Appellant's assignments of error are overruled.
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, the judgment of the Holmes County Court is affirmed. Costs assessed to appellant.
By: Hoffman, J. Edwards, P.J. and Boggins, J. concur.
[1] At oral argument in this matter, appellant approached the bench in order to prove a transcript of the proceedings had, in fact, been filed with this Court. Appellant showed the Court a copy of the letter he received from the Holmes County Clerk of the Court of Appeals, indicating ". . . a transcript of Docket and Journal Entries will be transferred to the Holmes County Court of Appeals . . ." A transcript of docket and journal entries is in the record, but is not the same as, or a substitute for, a transcript of the proceedings held on June 7, 2000, and August 2, 2000.
[2] This Court has reviewed 36 pictures included in the record. However, without a transcript, we are unable to ascribe any significance to them on the issues determined by the trial court.